### UNITED STATES of America, Plaintiff—Appellee,

v.

### J.B. BAUGUS, aka Jackson Bryant Baugus, Defendant— Appellant.

No. 04–30133.

United States Court of Appeals, Ninth Circuit.

---

Submitted May 2, 2005.*

Decided June 28, 2005.

James E. Seykora, Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Mark T. Errebo, Law Office of Mark T. Errebo, Billings, MT, Bryan Norcross, Kalispell, MT, for Defendant–Appellant.

Before WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

## MEMORANDUM**

Jackson Bryant Baugus appeals a jury trial conviction for possession with intent to distribute methamphetamine, possession with intent to distribute cocaine, taking a motor vehicle by force with intent to cause bodily harm, and using a firearm during and in relation to a crime of violence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Baugus first argues that his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161–74, were violated. The district court's decision on a motion to dismiss for noncompliance with the Speedy Trial Act is reviewed *de novo*. *United States v. Daychild,* 357 F.3d 1082, 1089 n. 5 (9th Cir.2004).

Baugus argues that the government's request for an independent competency evaluation pursuant to 18 U.S.C. § 4241 was unnecessary and resulted in needless delay. The district judge has broad discretion under Federal Rule of Criminal Procedure 12.2 to order a mental examination. Baugus "intend[ed] to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on … the issue of guilt." Fed.R.Crim.P. 12.2(b)(1). Rule 12.2(c)(1)(B) states that "[i]f the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court." The district court properly excluded the time from the Speedy Trial Act calculations. *See* 18 U.S.C. § 3161(h)(1)(A).

Baugus next claims that there was insufficient evidence to convict him on the counts of possession with intent to distribute. The district court's denial of a motion for acquittal is reviewed *de novo*. *United States v. Combs,* 379 F.3d 564, 568 (9th Cir.2004). Having reviewed the record, we agree with the district court that there was ample evidence from which a reasonable jury could conclude that Baugus was guilty as charged.

■ Baugus also argues that the district court's jury instruction that "[i]ntent to distribute may be inferred from the purity, price, and quantity of drug possessed," was constitutionally defective because it shifted the burden from the prosecution of proving beyond a reasonable doubt an essential element of a criminal offense.

In *United States v. Heuer,* 916 F.2d 1457, 1461 (9th Cir.1990) we held that a jury instruction is defective "if it creates a mandatory presumption" that shifts the burden of proof from the prosecution. *Id.* In this case, the district court did not tell the jury to "presume a fact which it was entitled to resolve." *Id.* Rather, the district court merely told the jury that an inference of intent is permissible from various recognized factors. *See, e.g. United States v. Johnson,* 357 F.3d 980, 984 (9th Cir.2004) ("A jury can infer intent to distribute from possession of a large quantity of drugs."). The instruction was not erroneous.

Baugus received a two point enhancement for being an organizer/leader, as found by the district judge. Baugus also received other enhancements with regards to the carjacking count.[1] In light of the Supreme Court decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and our decision in *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc), we now remand for further proceedings.

**AFFIRMED; REMANDED**

---

1. Baugus appears to only complain about the former enhancement, but the government concedes that "other enhancements may be problematic."